SAVERY v. MOORE.

LAING v. SAME.

SAME v. CLARK.

1. **Swamp Lands:** SALE FOR LESS THAN STATUTE PRICE: BAD FAITH PURCHASERS. Section 959 of the Revision provided that "no swamp or overflowed lands shall be sold at less than $1.25 per acre." Accordingly, where a county sold to plaintiff's grantor "all the swamp land owned by the county, and not sold and conveyed by it, being 412 acres," for the consideration of $515, which was $1.25 per acre for 412 acres, but it appeared that the amount of land so attempted to be conveyed was in fact much more than 412 acres, *held* that the conveyance was void, and did not pass title to any land whatever, and that, the illegality appearing on the face of the conveyance to plaintiffs' grantor, plaintiffs cannot claim protection as innocent purchasers.

*Appeals from Montgomery District Court.*

THURSDAY, SEPTEMBER 20.

THESE cases are submitted upon the same abstract, and are to be determined together. They are actions in equity to quiet title to different tracts of land in the respective plaintiffs. The land was originally swamp land, and, as such, the title to it passed to Montgomery county. The plaintiffs claim under a sale and deed made by the county to the American Emigrant Co. The principal question presented is as to the validity of such sale and deed. The cases were referred to a referee, who reported against the validity, upon the ground that the sale and deed were made for less than the minimum price fixed by the statute, and without the approval of the electors, required by statute. The court affirmed the report and dismissed the plaintiffs' respective petitions. They appeal.

*Harvey & Lehmann*, for appellants.

*C. E. Richards*, for appellees.

ADAMS, J.—The case is now before us upon rehearing. In the opinion originally filed, we held that the sale and deed to the American Emigrant Co. could not be sustained, because not approved by a vote of the electors. A rehearing was granted because some of the members of the court had come to entertain a doubt as to whether the ground upon which the opinion was based is tenable. That doubt still remains. What conclusion we should reach if that were the sole question in the case, we have not determined. We could not reverse, without determining against the court below upon another question, and as that appears to be reasonably free from doubt we have thought best to determine it and dispose of the case upon it.

The county officers had no power to sell the land embraced in the deed for less than the minimum price fixed by statute,

to wit $1.25 per acre.    We do not say that if there had been an apparent compliance with the statute, and the plaintiffs had purchased in good faith, they would not be entitled to protection.    But as they claim under the statute, we think it was incumbent upon them to show either an actual or apparent compliance with it.

What, precisely, per acre the county officers did sell the land for, does not appear.    The purchase price, as fixed in the original contract, made some three years before the deed was executed, was $515.    The deed shows nothing to the contrary, and we take that to be the price.    That, at the minimum price of $1.25 per acre, would pay for four hundred and twelve acres.    How much land the deed, if valid, would have conveyed, we cannot determine.    The copy set out is not complete.    We understand that it purports to convey over nineteen thousand acres, subject, however, to certain reservations made necessary by reason of certain persons having prior claims upon the lands.    What the reservations amount to we cannot determine.    It seems to be conceded by the plaintiffs' counsel that they do not amount to enough to reduce the conveyance to four hundred and twelve acres, and if not, then the price did not amount to $1.25 per acre.    Now, we could not sustain, in favor of the company, such a conveyance as that, without practically nullifying an express provision of statute.    The language is: "No swamp or overflowed lands shall hereafter be sold at less than one dollar and twenty-five cents per acre."    Revision, § 959.    This we regard as imposing upon county officers an inability to make a valid sale for less.    Nor do we think that the plaintiffs can be protected as innocent purchasers.    The case is not substantially different from what it would have been if the contract and deed had expressly provided for the conveyance of a thousand acres for the stipulated price of $515.    It is true, the amount of land was estimated at four hundred and twelve acres.    The language of the contract is: "All the vacant swamp land owned by the county,

and not sold and conveyed by it, being four hundred and twelve acres." But no lands were specifically described, and if the conveyance were to be held operative, the company would not be limited to four hundred and twelve acres. That would be deemed a mere estimate of quantity. If it is too small, it is not descriptive. It would not enable one to find the land. It would have no application to any specific four hundred and twelve acres as distinguished from the rest of the land. The other part of the description would prevail. That is a drag net, and was manifestly so designed. The deed is no better than the contract in this respect, and is hardly as good, so far as it has been shown to us. Neither of the instruments evince any desire to comply with the law, but a willingness to violate it. This appears upon their face; and as the law has in fact been violated, no person claiming under such instruments, it appears to us, can be held to be an innocent party.

The plaintiffs claim that the deed should not be held to be void for this reason, but should merely be reformed, so as to restrict its operation to four hundred and twelve acres. But the deed applies as well to one acre as another, and there is no ground upon which a court of equity could make an application of it to any specific four hundred and twelve acres. We think that the court did not err in dismissing the plaintiffs' petitions.

AFFIRMED.